EAST *v.* PIGFORD BROS. CONST. Co., et al.

Dec. 7, 1953

No. 38967          45 Adv. S. 25          68 So. 2d 294

*Morse & Morse,* Poplarville, for appellant.

122

*Snow & Covington,* Meridian, for appellees.

Lee, J.

This is an appeal by Virgil East from a judgment of the Circuit Court of Lauderdale County, which affirmed the action of the attorney-referee and the Commission in denying his claim for compensation.

East testified that he was operated on for piles when he was eight years old; that he was bothered with hemorrhoids while he was a soldier in Germany in World War II, but that, after he was taken out of the ranks,

relieved of carrying his pack and hiking and was assigned to driving a jeep for officers, he overcame the trouble without an operation; that he was discharged from the Army on November 1, 1945, came home and entered upon the GI Farm Program for 34 months, during which time he plowed, lifted hundred pound sacks of fertilizer, distributed the same, and did the usual chores about a farm. Thereafter he worked as a meat cutter, and helped in a grocery store until he accepted employment with Pigford Brothers Construction Company in May 1951. During the foregoing five and a half year period he was not bothered with hemorrhoids nor did he know that he had such trouble. He was hired by Pigford Brothers as the operator of a concrete mixer; but two or three weeks later, he was assigned as a ''carpenter helper.'' One of his duties as such helper was to crank the gasoline motor which furnished power for the saw. To do this, it was necessary to bend over or stoop down and pull up on the crank while the belt was on the pulley. This was hard, straining work, like cranking a car in gear. After working in that capacity for about a week, on June 22, 1951, in the afternoon, while cranking this motor, he suffered a protrusion of hemorrhoids, with severe pain. He immediately reported the injury to his foreman and superintendent, and they sent him to Rush's Clinic. After receiving aid, he went to his home in Poplarville and was unable to work again Until October 24, 1951. He was earning $60 a week at the time, and had previously told his superintendent about his trouble with hemorrhoids while he was in the Army.

Dr. Judson Tatum, who treated East immediately following the injury, as a witness for the defendants, testified that hemorrhoids arise from an inherent weakness of the rectal veins, which become dilated when subjected to long continued strain, and that the patient's condition was average at the time of the examination. After considerable discussion of the subject, he concluded

that, in order for a single strain to cause a protrusion, the hemorrhoid condition must be pre-existing. He was asked if a man had hemorrhoids in 1945 and they protruded at the time, but the protrusion then subsided, and for a period of five or six years he was able to resume his normal occupation, in such a case, if it would be possible for a strain, such as cranking a gasoline motor, to cause a protrusion. His answer was: "it is quite possible for a person who has had pre-existing hemorrhoids who undergoes a sudden severe strain to cause those hemorrhoids to protrude. Does that answer your question?" Following this he was asked, "Now, then, assuming that a man had such a case and that he were to crank a small gasoline motor and strain himself, could that cause these hemorrhoids to protrude?" And he replied, "Any sudden severe strain can cause hemorrhoids to protrude, provided they are already there."

W. E. Edwards, a witness for the defendants, testified that on one occasion on the job, East complained of being bothered with piles; but the date of such complaint was not definite, and, for that reason, this evidence did not actually conflict with East's version.

This hearing was being conducted at Meridian, Mississippi, and at this juncture, counsel for the claimant stated to the attorney-referee that no defenses had been set up prior to the hearing, and that claimant was unprepared for the defenses which had been interposed and asked additional time to procure witnesses Johnny Smith, Mrs. Mary East, a fellow employee, and the employers of East from the time of his discharge from the army until his employment by Pigford Brothers; that these witnesses would testify that claimant had not suffered from and had no hemorrhoids since his discharge from the army; that he never missed a day from work, on that account, while employed by them; that a person cranking the motor in question did so with considerable strain; and

that he was still unable to work without pain and suffering as a result of his injury on June 22, 1951. It was stated in the motion that the parties had previously agreed to take the deposition of Dr. H. B. Cowart at Poplarville, and that the allowance of this motion would not result in any undue expense or trouble. The attorney-referee overruled the motion, but in doing so, he said: "Motion of claimant's counsel overruled, not by reason of any delinquencies on the part of any of the parties but for the reason that the record is reasonably clear in all matters on which testimony is to be taken in Pearl River County, and that such additional testimony would burden the record rather than clarify matters in dispute."

Thereafter the deposition of Dr. H. B. Cowart was taken, in which he said that he examined East on June 25, 1951, and periodically thereafter. He found prolapsed hemorrhoids. The history showed that East had been troubled with hemorrhoids while he was in the army, and that the condition was pre-existing but dormant when he became an employee of Pigford Brothers. It was the doctor's opinion that the strain to East, in bending down or stooping over and lifting up to crank the motor in question, lighted up and aggravated the pre-existing hemorrhoid condition to such an extent that it caused a protrusion, with intense pain, and resulted in his disability.

From the foregoing summary of the evidence in this case, there is no substantial dispute of the salient facts to-wit: East had hemorrhoids, which were disabling, while he was in the army. But after his discharge on November 1, 1945, he came home and lived a normal life as a farmer and as a meat cutter and helper in a grocery store. He was able to, and did, work, and was not bothered with hemorrhoids. He began working for Pigford Brothers and was in their employ about a month before his injury. During the last week of his work, he

was required to crank a gasoline motor, and in doing so, he underwent considerable strain, as fully described hereinabove, and, as a result thereof, he suffered a protrusion, which was painful, and which totally disabled him thereafter until October 24, 1951.

The attorney-referee, in holding that the claim was not compensable, among other things said ''It appears from the medical testimony submitted that both doctors are in agreement that a pre-existing case of hemorrhoids must have existed prior to the time of the alleged accident. The hearing officer is of the opinion that the point in question is not the actual protrusion of the hemorrhoids, but whether or not there was an accident resulting in the condition in its inception.' In addition to the unquestion fact that claimant had suffered an attack of hemorrhoids several years previous and no operation had removed the underlying cause, the hearing officer is of the opinion that the alleged strain, if any, at most caused a recurrence.''

It is thus seen, from the above statement of the hearing officer, that he was of the opinion that a pre-existing disease or infirmity disqualified an employee's claim under the ''arising out of employment'' requirement. In justice to him, it should be said that this cause was heard on November 14, 1951, prior to the decisions of this Court in Ingalls Shipbuilding Corp. v. Byrd, 215 Miss. 234, 60 So. 2d 645, and Cowart v. Pearl River Tung Co. (Miss.) 67 So. 2d 356 in which decisions, this Court adopted the rule set out in Vol. 1, Larson's Workmen's Compensation Law, Section 12.20, page 170, as follows: ''Pre-existing disease or infirmity of the employee does not disqualify a claim under the 'arising out of employment' requirement if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought.''

The injury here was accidental within the contemplation and meaning of Section 6998-02, Vol. 5-A, Code 1942 Recompiled. See Hardin's Bakeries v. Ranager (Miss.), 64 So. 2d 705.

The strain in cranking the motor evidently lighted up, aggravated and accelerated East's pre-existing but dormant hemorrhoids, and combined with such infirmity to produce the disability for which compensation is here sought.

Because of error in the application of the law, the order of the attorney-referee, affirmed by the Commission and by the Circuit Court, is reversed and a judgment will be entered here for the appellant for $25 a week for the period from June 22, 1951, to October 24, 1951, together with lawful interest thereon.

On October 24, 1951, three weeks before the hearing of this case on November 14, 1951, East went to work on a regular job at a weekly wage of $50. Hence this cause is remanded so that the Commission may consider and determine what additional benefits, if any, the claimant may be entitled to receive.

Reversed; judgment here for appellant; and remanded.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.

---

ON MOTION FOR APPROVAL AND ALLOWANCE OF
ATTORNEYS' FEES

Mar. 15, 1954      57 Adv. S. 3      70 So. 2d 880

Lee, J.

This is a motion by Virgil East and his attorneys of record for the approval of their contract in reference to attorneys fees.

The attorneys represented the appellant from the inception of his claim to its final conclusion in this Court. No attorneys fees have been allowed either by the Com-

mission or the circuit court. The parties have agreed that the amount of such fees shall be 40% of all sums recovered and to be recovered, subject to the approval of the court.

The compensation for the attorneys, as provided in the agreement, is fair, just and reasonable, and the agreement is, therefore, approved.

The Commission is directed to make a partial lump sum settlement, sufficient to cover such fee of 40% to the attorneys, as provided by the statutes. Ada Hill v. United Timber and Lumber Company, (Miss.) 68 So. 2d 420; Vestal & Vernon Agency & Western Casualty Surety Company v. Mrs. Ernestine Pittman, et al., Mississippi Reporter Advance Sheet No. 52, p. 27.

Motion sustained and attorneys fees allowed.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.