TATE *v.* DR. PEPPER BOTTLING Co., et al.

March 8, 1954

No. 39141          56 Adv. S. 40          70 So. 2d 602

*Bell & McBee,* Greenwood, for appellant.

*Norman C. Brewer, Jr.,* Greenwood, for appellee.

KYLE, J.

This case is before us on appeal by Albert W. Tate, an employee of Dr. Pepper Bottling Company, from a judgment of the Circuit Court of Leflore County affirming an order of the Workmen's Compensation Commission denying the appellant's claim for compensation under the Mississippi Workmen's Compensation Law for an injury alleged to have been sustained by him while engaged in the performance of his duties as a route salesman for the company.

The record shows that the appellant at the time he sustained his injury was the driver of a 1950 GMC truck which was owned by the bottling company and used for the transportation and distribution of its beverage products. The appellant made trips in the truck each day (except Sundays), riding from 80 to 160 miles each day; and the appellant had been thus employed for a period of approximately three years at the time of his injury.

In April or May, 1952, the appellant, while engaged in the performance of his duties as route salesman, noticed a knot or an enlargement on the base of his spine, commonly known as the tail bone. The appellant had never had any trouble with his back or spine before that time. The appellant continued to drive his truck until some-

time during the early part of September when the knot became sore and sensitive, and the appellant was no longer able to perform his duties as a route salesman. The appellant consulted Dr. L. B. Otken, of Greenwood. Dr. Otken examined the appellant and found that he was suffering from an infected pilonidal cyst at the lower part of the backbone known as the coccyx. The doctor immediately advised a surgical operation for the removal of the infected growth. The operation was performed on September 9, 1952, and the growth was removed. The appellant remained in the hospital several days and was totally disabled until October 6, 1952. He returned to work on October 6 and was given light work until October 22, when he was able to return to the duties of his regular employment. His hospital bill amounted to $72.50, and his doctor's bill amounted to $100.

Dr. Otken testified that the pilonidal cyst was congenital, but that anything that caused trauma or rubbing would cause a cyst to become irritated and infected, and that in his opinion the irritation and infection which resulted in the appellant's disability was caused by constant riding in the truck and the constant rubbing of the affected part incident to such constant riding. The doctor testified that the disease was quite common among soldiers attached to mechanized units during World War II, who were required to ride in jeeps, and that the disease came to be referred to in the army as "jeep disease"; and that surgery was the only treatment that would effect a cure.

The attorney-referee found that the appellant's injury was an accidental injury arising out of and in the course of his employment, and that the injury was compensable. The attorney-referee found that the appellant's average weekly wage was $65; and the attorney-referee signed an order allowing the appellant's claim for compensation for temporary total disability at the rate of $25 per week from September 9, 1952, to October 5, 1952, and for tem-

porary partial disability in the sum of $16.66 per week from October 6, 1952, to October 21, 1952; and the attorney-referee ordered that the employer and its insurance carrier pay the appellant's medical and hospital bills. Upon a review of the attorney-referee's findings by the full Commission, the award of the attorney-referee was set aside and the appellant's claim was denied. The appellant appealed from the order of the Commission to the circuit court, and the circuit court affirmed the order of the Commission.

■■■ We think that the circuit court erred in affirming the order of the Commission denying the appellant's claim.

The appellees' attorney argues in support of the judgment of the lower court that there is a complete absence of any showing in the record of a causal connection between the alleged accidental injury and the appellant's employment. But we think that the proof was sufficient to show such causal connection. The facts concerning the nature of the appellant's injury and the testimony of the doctor are undisputed; and insofar as the doctor's testimony may be said to be opinion evidence, it is entitled to be treated as the testimony of an expert, based upon medical study and observation of injuries of the same character suffered by soldiers afflicted with similar pre-existing infirmities, and personal examination of the appellant's injury prior to and after surgical treatment. The fact that the cyst was pre-existing or congenital and that the soreness, irritation and infection did not develop immediately did not mean that the injury was not compensable under the Mississippi Workmen's Compensation Law.

In the case of Ingalls Shipbuilding Corporation v. Byrd, 215 Miss. 234, 60 So. 2d 645, this Court held that a pre-existing disease or infirmity of the employee does not disqualify a claim under the "arising out of employment" requirement of the statute, if the employment

aggravated, accelerated or combined with the disease or infirmity to produce the death or disability for which compensation is sought. In the case of East v. Pigford Bros. Construction Co., 219 Miss. 121, 68 So. 2d 294, the appellant's injury was due to a strain from cranking a motor, combined with a pre-existing but dormant hemorrhoid condition; and the Court held that the injury was accidental and compensable. See also Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So. 2d 356.

In the case of Hardin's Bakeries v. Ranager, 217 Miss. 463, 64 So. 2d 705, and in the case of Christopher v. City Grill, et al., 218 Miss. 638, 67 So. 2d 694, the Court held that under our Workmen's Compensation Law it is not necessary that an accidental injury, as defined in the Act, result suddenly, nor that it result from the application of external force.

This case in our opinion is controlled by the above mentioned decisions of our own Court, all of which, save only the Ingalls Shipbuilding Company case, have been published since the judgment appealed from here was rendered by the circuit court. The appellant's pre-existing infirmity, which appears to have been congenital, was brought to light, aggravated and accelerated by his employment, and his injury was compensable.

The judgment of the circuit court affirming the order of the Commission is therefore reversed, and the order of the Commission is likewise reversed, and judgment will be entered here awarding compensation to the appellant for temporary total disability from September 9, 1952, to October 5, 1952, at the rate of $25 per week, and for temporary partial disability in the sum of $16.66 per week from October 6 to October 21, 1952, and ordering the payment by the appellees of the medical and hospital expenses, as provided in the original order of the attorney-referee.

Reversed and judgment rendered here for the appellant, and remanded.

*Roberds, P. J.,* and *Hall, Holmes* and *Gillespie, JJ.,* concur.