HECKFORD *v.* INTERNATIONAL PAPER COMPANY

No. 42051          December 11, 1961          135 So. 2d 415

*Laub, Adams, Forman & Truly,* Natchez, for appellant.

338

*Gwin & Gwin,* Natchez, for appellee.

GILLESPIE, J.

The sole question presented by this appeal is whether disability from occupational disease is compensable under the Mississippi Workmen's Compensation Act.

Appellant became temporarily and totally disabled on January 16, 1957, as a result of lead poisoning. He reached maximum recovery on September 3, 1958. The attorney-referee awarded total disability from January 16, 1957 to September 3, 1958, and denied any partial permanent benefits. On appeal to the Commission, it was found that appellant's disability was the result of an occupational disease and not compensable under the Workmen's Compensation Act. The circuit court affirmed.

The record shows that appellant was a painter by trade and had engaged in painting for about 21 years when he became disabled. He had been employed six years by the appellee at the time he became disabled. All during the 21 years appellant had followed his trade he was exposed to lead in paint, and during the past six years while working for appellee he had engaged in painting and sandblasting to remove lead from vats. All the doctors who testified agreed on the diagnosis of lead poisoning and that lead poisoning is an occupa-

tional disease. Appellant does not contend that lead poisoning is not an occupational disease.

The Mississippi Workmen's Compensation Act does not expressly cover occupational disease and that term is not used in the Act.

■■ ■ The general rule is that occupational diseases are compensable only by virtue of statute. Such coverage is provided in some Acts by express provisions. Some states have separate acts known as Occupational Disease Compensation Acts. 99 C. J. S., Workmen's Compensation, Section 169, page 563; Mississippi Workmen's Compensation, Dunn, Section 87, page 70; 58 Am. Jur., Workmen's Compensation, Section 246, page 748. According to Larson's Workmen's Compensation Law, Section 41.11, all the states except four provide coverage for occupational diseases. All, or nearly all, do so by express provisions of statute. Most of the statutes providing such coverage are quite lengthy and the contents indicate that the subject is one for legislative study and action.

At the time this State considered and adopted the Workmen's Compensation Act, the lawmakers knew that all, or nearly all, of the statutes providing coverage for occupational diseases did so by statute; and they knew that the courts generally had not undertaken to extend such coverage by judicial construction. It seems clear that if the legislature had intended to provide such coverage, it would have made express provisions therefor in the Act.

■■■ Appellant contends that this Court has indicated that occupational diseases are compensable and cites Ingalls Shipbuilding Corp. v. Byrd, 215 Miss. 234, 60 So. 2d 645; Tate v. Dr. Pepper Bottling Co., 220 Miss. 311, 70 So. 2d 602, and Ingalls Shipbuilding Corp. v. King, 229 Miss. 871, 92 So. 2d 196. We have studied these cases carefully, along with Hardin's Bakeries v. Ranager, 217 Miss. 463, 64 So. 2d 705, and Christopher

v. City Grill, 218 Miss. 638, 67 So. 2d 694. We do not think that the Court has ever decided that an occupational disease is compensable, and, in fact, some of the cases cited above are ones where the Court distinguished between the injuries there involved and occupational disease.

Manifestly, the question of providing for compensation for disability resulting from occupational disease is a legislative matter.

Affirmed.

*McGehee, C. J.,* and *Kyle, McElroy* and *Jones, JJ.,* concur.