208 So.2d 575 (1968)
GOASA & SON, Employer, and American Motorists Insurance Company, Carrier,
v.
T.V. GOASA, Claimant.
No. 44765.
Supreme Court of Mississippi.
March 25, 1968.
Rehearing Denied April 15, 1968.
*577 Dan McCullen, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellants.
Fraiser & Burgoon, Greenwood, for appellee.
PATTERSON, Justice.
This appeal arises under the Mississippi Workmen's Compensation Act. It is from a judgment of the Circuit Court of Leflore County which affirmed the order of the Workmen's Compensation Commission which upheld the order of the attorney-referee. The appellants are Goasa & Son, a partnership, and American Motorists Insurance Company. The claimant, T.V. Goasa, appellee and cross-appellant, is one of the partners in Goasa & Son and is employed by such concern.
Claimant instituted this proceeding on April 12, 1965, for disability compensation resulting from an alleged myocardial infarction sustained on May 27, 1964. After hearings before the attorney-referee, an order was entered on September 28, 1966, which held that the claimant was permanently and totally disabled. The attorney-referee held, however, that claimant's heart condition was twenty-five per cent referable to the employment injury and seventy-five per cent referable to a pre-existing physical condition. The employer and carrier were ordered to pay for permanent total disability for a period not to exceed 450 weeks or $12,500, whichever is lesser in amount, said compensation to be paid at the rate of $35 per week from May 27, 1964, to the date of the order and thereafter at the rate of $10 per week plus payment of all reasonable and necessary medical services. The order of the attorney-referee was affirmed on March 30, 1967, by the full commission and this order was affirmed by the circuit court on May 22, 1967.
The employer and carrier appeal to this Court assigning primarily as error the following:
1. The commission and court below erred as a matter of fact and as a matter of law in finding that claimant sustained an accidental injury which arose out of and in the course of his employment.
2. The commission and court below erred in giving any consideration or weight to the opinions of the claimant's medical experts as they assumed improper hypotheses upon which they based their opinions, and there was error in admitting the testimony of Dr. Wofford as he was offered as a rebuttal witness only and not in chief.
3. The commission and court below erred in not making an apportionment effective from the date of the injury rather than from the date of the attorney-referee's order.
The claimant cross-appeals, assigning as error the actions of the lower commissions and tribunal in failing to assess the employer and carrier with the ten per cent penalty provided by Section 13(e) of the Mississippi Workmen's Compensation Act, Mississippi Code 1942 Annotated section 6998-19(e) (1952).
We have reviewed the entirety of the record and conclude that there is evidence to support the finding of the commission; that claimant's disability was causally connected to his employment. This finding will therefore be affirmed under the familiar intonations of this Court that if there be substantial evidence to support the finding of the commission, such finding will not be disturbed by this Court on appeal.
The appellants' next assignment of error relating to the admission of medical testimony by Dr. Bright and Dr. Wofford is not well taken. The carrier objected to the testimony of Dr. Bright, a cardiologist, on the basis that on the morning of the hearing before the attorney-referee he discussed with the claimant the history of *578 claimant's heart condition for the purposes of testifying and not for purposes of treating the claimant. This objection was properly sustained by the attorney-referee. Thereafter, the doctor testified as to the medical history of the claimant which was gleaned from the hospital records and from conversations with the claimant while he was being treated by this witness. These facts were sufficient, according to the doctor's testimony, for him to know that claimant suffered a myocardial infarction. We conclude the attorney-referee properly excluded the doctor's opinion which was related to the history given on the morning of the hearing, but that the doctor's opinion was cured and made competent by subsequent testimony which clearly indicates the doctor was aware of the man's history and had in fact treated him. His testimony that there was a causal relation between claimant's infarction and resulting disability and his employment activities was competent for consideration by the fact-finding body.
The testimony of the next expert, Dr. Wofford, was objected to on the grounds that it was given in rebuttal and could therefore only negate the testimony of the carrier's witnesses without being effective as testimony in chief to support the claimant's theory of causal relationship between the work incident and the infarction. We are of the opinion this assignment of error is not well taken as the rules of evidence for the Workmen's Compensation Commission, a fact-finding agency, are not the same as that prescribed for ordinary civil actions. Much latitude is authorized the commission by way of informal conferences and hearings and permits the commission to make investigations, cause examinations to be made, and to take such further action as it considers proper to protect the rights of all the parties, as in Wells-Lamont Corp. v. Watkins, 247 Miss. 379, 386, 151 So.2d 600, 603 (1963), we stated:
The Workmen's Compensation Commission is a fact-finding agency, organized for the purpose of determining claims for compensation. The procedure before the Commission is not that prescribed for ordinary civil actions, brought in a regular trial court. Sec. 6998-24, Miss. Code 1942, prescribes the method of procedure and authorizes the "informal conferences and hearings in contested cases" and authorizes the procedure to be "determined by rules of the commission." Sec. 6998-19 permits the Commission to "make such investigations, cause such medical examinations to be made, or hold such hearings, and take such further action as it considers will properly protect the rights of all parties."
From the above it is our opinion that the testimony of Dr. Wofford was properly considered by the commission. This testimony was unequivocal in establishing that the employment activities of the claimant on the day he was hospitalized aggravated the myocardial infarction suffered by claimant.
The next assignment of error relating to apportionment of compensation being effective from the date of the injury rather than from the date of the attorney-referee's order is not well taken as this issue was decided to the contrary in Sanders v. Walker Construction Company, 251 Miss. 352, 169 So.2d 803 (1964), which was followed by Dillingham Manufacturing Company v. Upton, 252 Miss. 281, 288-289, 172 So.2d 766, 769 (1965), wherein we stated:
The rules of these two cases are correlative and supplementary to one another. Hence we hold that Upton was entitled to total and permanent disability benefits, without apportionment, until the date of the order of the attorney-referee, which was based upon a hearing, and at which medical testimony was received by the commission's referee and he determined the degree of apportionment. As Sanders held, the apportionment cannot be made at an earlier date.

*579 Accordingly, the order of the commission is modified and amended to provide that Upton shall receive total and permanent disability benefits, without apportionment for pre-existing infirmities, from September 11, 1962, to October 10, 1963, the date of the order of the attorney-referee fixing the apportionment of contribution of the pre-existing condition. Thereafter appellants shall pay compensation to claimant in the amount fixed by the commission's order, with apportionment. However, compensation shall continue for a period of not more than 450 weeks from the date of injury or until a maximum of $12,500 had been paid, including compensation received both before and after apportionment took effect, whichever of these figures shall be lesser in amount. * * *
It is our opinion that these cases are dispositive of the issue and we reaffirm our holdings therein as correctly stating the rules of apportionment of compensation benefits due to pre-existing infirmities. In reaffirming we take judicial notice of the fact that the Mississippi Legislature has met in both regular and special session subsequent to the announcement of the cited cases without enactment directed to apportionment of compensation benefits and has thus approved the construction of legislative intent placed thereon by this Court.
Claimant's cross appeal originates from Mississippi Code 1942 Annotated section 6998-19(e) (1952), which is as follows:
If any installment of compensation payable without an award is not paid within fourteen (14) days after it becomes due, as provided in subdivision (b) of this section, there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof, which shall be paid at the same time as, but in addition to, such installment, unless notice is filed under subdivision (d) of this section, or unless such nonpayment is excused by the commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment. (Emphasis added.)
The questions to be determined here are, first, whether the payment of this penalty is mandatory under the terms of the statute and second, whether the carrier had notice of cross-appellant's claim so that the section would apply to it. The carrier relies upon Mississippi Products, Inc. v. Gordy, 224 Miss. 690, 80 So.2d 793 (1955); Smith v. Crown Rigs, Inc., 245 Miss. 311, 148 So.2d 195 (1963); and Dunn, Mississippi Workmen's Compensation section 305 (2d ed. 1966), in support of its contention that the imposition of the ten per cent penalty is discretionary and not mandatory. Neither of the cases nor the section of Dunn relied upon are authority for cross-appellant's position. Mississippi Products Inc., supra, relates to failure of the employer to file reports of the claimant's injury as provided by Mississippi Code 1942 Annotated section 6998-34(d) (1952), the penalty there being discretionary with the commission by the terms of the act which is as follows:
Whenever an employer fails or refuses to file any report required of him by this section, the commission may in its discretion add a penalty not to exceed one hundred dollars ($100.00) to all or any awards which may be made as a result of the unreported injury. (Emphasis added.)
Smith, supra, had before it the section relating to the ten per cent penalty inasmuch as it was argued that the penalty should have been removed. In response thereto this Court made the statement in general terms that "penalties" are largely within the discretion of the commission and that it was our opinion that the commission was not manifestly wrong and the order imposing the penalty was affirmed. It is our opinion that this case is not authority for the broad premise urged by the appellants that the award of the ten per cent *580 penalty is discretionary with the Workmen's Compensation Commission in all cases.
Finally, Section 305 of Dunn, supra, relates to the general construction of the compensation act in regard to penalties which states discretion might be used in regard thereto. However, Section 299 of the same work, which is directed to the exact statute here under consideration, states in the last paragraph of such section the following:
The imposition of the 10 percent penalty for delay in payment or delay in filing notice to controvert is not discretionary with the Commission, and if the Commission fails to impose the penalty, it may be ordered upon review by the Courts.
We conclude that neither of the authorities cited sustains the position of the carrier and cross-appellee, but rather the authorities are to the contrary when concerned with this specific section. These are: Harris, Dependents of v. Suggs, 233 Miss. 533, 102 So.2d 696 (1958); Alexander Smith, Inc. v. Genette, 232 Miss. 166, 98 So.2d 455 (1957); So. Engineering & Electric Co. v. Chester, 226 Miss. 136, 83 So.2d 811, 84 So.2d 535 (1955), concurring opinion; and Dunn, Mississippi Workmen's Compensation (2d ed. 1966). In So. Engineering, supra, the rule was announced as follows: "The requirements of Sec. 6998-19(a) and (e) are mandatory, unless there is a showing that it was not possible to make the payments within the stated time." 226 Miss. at 150, 83 So.2d at 817.
The carrier made no effort to controvert the right to compensation under Mississippi Code 1942 Annotated section 6998-19(d) (1952). Neither was the carrier excused by the commission for failure to make payment due to conditions beyond its control. It is our opinion that the commission has no discretion in the application of Mississippi Code 1942 Annotated section 6998-19(e) (1952) and must impose the penalty unless the same is controverted by the carrier or employer or is excused by the commission.
The remaining question to be determined is whether the carrier had notice of claimant's disability so that the above section would become effective against it. The attorney-referee specifically found that the carrier had notice, but failed in his order to make the award. The record reflects that the claimant was employed by the partnership of Goasa & Son. He was his own employee and, of course, had notice of his disability. His son, the other partner and employer, also had notice thereof as he related his father's illness to the insurance agency who sold them the workmen's compensation coverage. Though this notice was not in formal terms, it was sufficient to cause the carrier to make an investigation of claimant's disability and claim. Under the facts disclosed by the record we cannot say that the commission erred in its finding that the carrier did have notice of the disability and claim therefor as there was evidence to support this finding. The carrier neither filed notice to controvert the claim nor sought, due to circumstances beyond its control, to be excused therefrom. Under these circumstances we are of the opinion that the attorney-referee erred, as did the commission and the circuit court, in not awarding the ten per cent penalty.
Affirmed on direct appeal and reversed and remanded on cross appeal for the imposition by the Commission of the ten per cent penalty.
All Justices concur as to the disability being causally related to claimant's employment.
All Justices except ROBERTSON, J., who dissents, concur in the method of apportionment.
ETHRIDGE, C.J., and RODGERS, JONES, BRADY, and INZER, JJ., concur in the award of the penalty with GILLESPIE, *581 P.J., and SMITH and ROBERTSON, JJ., dissenting.
ROBERTSON, Justice (dissenting).
I respectfully dissent as to apportionment of benefits beginning on the date of the attorney-referee's order. I also dissent from the imposition of the ten percent penalty by this Court under the theory that it is mandatory under Section 6998-19(e) Mississippi Code 1942 Annotated. I think that the attorney-referee, the full commission and the circuit court had the right to refuse, in their sound discretion, to impose this penalty under the exceptions provided in the statute and under the peculiar circumstances of this case.
The claimant, T.V. Goasa, suffered a heart attack on May 27, 1964, while a patient in the hospital. The attorney-referee finally entered an order on September 28, 1966, wherein he found that claimant was totally and permanently disabled and that claimant's disability was due 75% to his pre-existing disease of atherosclerosis and coronary insufficiency and 25% to the work he was performing on the morning of the attack. It thus took the attorney-referee a period of 2 years, 17 weeks and 5 days to reach a decision in this case. The employer and carrier were ordered to pay the full rate of compensation of $35 per week from May 27, 1964, the date of the heart attack, to September 28, 1966, the date of the attorney-referee's order, or a total of $4,260; and thereafter at the rate of $10 per week for the 329 weeks remaining, or a total of $3,290.
Therefore, the appellants have been ordered to pay $7,550 to the claimant, even though 25% of $12,500, the maximum recoverable, would only be $3,125. Thus the appellants, under the rule of construction applied to the apportionment statute first in Sanders v. B.E. Walker Construction Co., 251 Miss. 352, 169 So.2d 803 (1964), are being required to pay 60.4% of the maximum when the attorney-referee, the full commission, the circuit court and this Court say that only 25% of his disability is attributable to his work, and 75% is due to his pre-existing disease.
Section 6998-04 Mississippi Code 1942 Annotated (Supp. 1966) provides in part:
"Where a pre-existing physical handicap, disease or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such pre-existing physical handicap, disease or lesion contributed to the production of the results following the injury." (Emphasis added.)
The legislative intent is that the pre-existing disease or physical handicap pre-exist the job-connected injury; yet the rule of construction adopted by this Court, in effect, is that the pre-existing disease or handicap merely pre-exist the attorney-referee's decision.
The majority opinion holds, in effect, that claimant's total disability for 2 years, 17 weeks and 5 days was due solely to his work and this in the face of the fact that the attorney-referee found that his disability was due 75% to a pre-existing disease and 25% to his work.
In four short years the erroneous rule of construction first applied in Sanders has become as immutable and unchangeable as the law of the Medes and Persians; the doctrine of stare decisis has reached full maturity in a phenomenally short growing period.
The fundamental error in Sanders has become fully apparent only in recent days. This Court, in this writer's opinion, has gradually moved farther out on a limb as the interval between the date of injury and the date of the attorney-referee's decision has almost imperceptibly lengthened. It took only 7 months and 8 days for the attorney-referee to reach a final decision on apportionment in Sanders. He construed the legislative intent to be that apportionment *582 begin on the date of injury. The full commission approved the attorney-referee's order. The circuit court affirmed the full commission, so when the Sanders case reached this Court, it had been unanimously decided all along the line that the legislative intent was that apportionment should date back to the date of injury.
This Court by a five-four decision reversed the circuit court, the Workmen's Compensation Commission, and the attorney-referee on the interpretation of the legislature's intent and ruled that apportionment would begin with the date of the attorney-referee's order.
Four of the Judges felt that the legislative intent was being thwarted by this construction of the statute. They said:
"Apparently the legislature concluded it was not fair and equitable to require an employer to make compensation payments for that part of a disability attributable to a preexisting physical handicap or disease. Apportionment holds him liable only for that portion of the disability caused by his employment of claimant. With this purpose in mind, it is not carried out by declining to apply the apportionment act to temporary total disability benefits, where (as here) the undisputed evidence by claimant's own doctors is that a substantial part of his temporary disability represents the material contribution of his preexisting coronary artery disease. [Section 6998-04] apportions the contribution of the preexisting disease to all `results following the injury.' To say it does not apply to temporary, but only permanent, results constitutes an insertion into the act of that limitation. It also frustrates this essential purpose of section 4.

* * * * * *

"In summary, I think the apportionment act applies to both temporary and permanent disability benefits. Its terms are plain and unambiguous. It indicates no contrary legislative intent. Both `the results following injury' and `compensation,' as used in section 4, reflect an intent to apply the act to temporary benefits. Moreover, this is consistent with the purpose of apportionment, namely, requiring the employer to pay compensation only for that proportion of claimant's disability attributable to his employment, and not for disability attributable to a preexisting disease or handicap. The wisdom and equity of that legislative decision is not a judicial question." (251 Miss. at 369-371, 169 So.2d at 811) (Emphasis added.)
In Sanders this Court was dealing with a case of first impression; it was tentatively charting its course. In Dillingham Manufacturing Company v. Upton, 252 Miss. 281, 172 So.2d 766 (1965), the interval between the date of injury and the attorney-referee's order had lengthened to 1 year and 29 days. In that case the attorney-referee found that 50% of the disability was due to a pre-existing disease, but applied the rule set forth in Sanders and held that for 1 year and 29 days the claimant would be paid full compensation, and thereafter the 50% apportionment would apply. In the three years from Dillingham to Goasa the interval between injury and decision has more than doubled, and was 2 years, 17 weeks, and 5 days in Goasa.
In apportionment matters, it is no longer important what the attorney-referee decides; but it is of paramount importance when he decides. This is not as it should be, for substance to yield to form. With increasing industrialization  and we can take judicial notice that the State is encouraging industry to locate here  it might become utterly impossible for a decision to be rendered in less than three or four years. The apportionment statute should not become a dead letter of the law merely because the commission has become overloaded.
It was argued in Sanders that if apportionment began with the date of injury, the *583 court would be allowing the employer to make the apportionment. The complete answer to this argument is that the employer and insurance carrier should be required to pay total temporary disability from the date of injury to the date of the attorney-referee's order; but if apportionment is made by the attorney-referee, then the employer and carrier should be given credit for the overpayment on payments yet to be made.
The legislature thought that they had enacted a good, fair and workable law. They certainly did not foresee nor intend that the statute would be interpreted to apply apportionment in one case in 7 months and 8 days, in another case in 1 year and 29 days, and in still another case in 2 years, 17 weeks and 5 days. They intended for the law to apply equally and uniformly to all litigants. They most assuredly did not intend for the law to be applied unequally, differently and disparately to each separate set of litigants.
I dissent also from the imposition of the ten percent penalty.
Sections 6998-19(b), (d) and (e) provide:
"(b) The first installment of compensation shall become due on the fourteenth day after the employer has notice, as provided in Section 12 [§ 6998-18], of the injury or death, on which date all compensation then due shall be paid. Thereafter, compensation shall be paid in installments, semi-monthly, except where the commission determines that payment in installments should be made monthly or at some other period.
* * * * * *
"(d) If the employer controverts the right to compensation he shall file with the commission on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the commission, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted, but failure to file this notice shall not prevent the employer raising any defense where claim is subsequently filed by the employee, nor shall the filing of the notice preclude the employer raising any additional defense.

"(e) If any installment of compensation payable without an award is not paid within fourteen (14) days after it becomes due, as provided in subdivision (b) of this section, there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof, which shall be paid at the same time as, but in addition to, such installment, unless notice is filed under subdivision (d) of this section, or unless such non-payment is excused by the commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment." (Emphasis added.)
Section 12 (Section 6998-18), referred to in (b) above, provides in part:
"No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury actual notice was received by the employer or by an officer, manager or designated representative of an employer." (Emphasis added.)
It should be particularly noted that in all of these statutes that it is the employer who must have actual notice, and it is the employer who must controvert. Nowhere is the insurance carrier referred to as the one to controvert or the one to receive actual notice.
In this confusing case the employer is a partnership composed of father and son. The claimant is the employee, the father, and the senior partner; the son is the junior partner, an employee of the partnership, *584 and, I presume, the employer. Now in this perplexing and confusing situation, who gives notice to whom? Does the father as claimant and employee give notice to his son as employer, and then is the son as employer under a duty, as provided in Section 6998-19(d), to controvert the right to compensation of his father and
"file with the commission on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the commission, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted. * * *"
I think the attorney-referee, the commission, and the circuit court decided that it would not be exactly fair to allow Goasa and Son to play on both teams, to be both employee and employer, and to play both sides against the middle where it was to their advantage to do so. Goasa and Son, employees, should not be allowed to take advantage of their own wrong in neglecting to promptly controvert as employer.
This case is not an arm's-length transaction as was Alexander Smith, Inc. v. Genette, 232 Miss. 166, 98 So.2d 455 (1957), where there was a corporate employer.
When the attorney-referee made his finding "that notice of the injury was received," he was referring to the claim filed by the claimant with the Workmen's Compensation Commission on April 12, 1965, which was promptly denied by the insurance carrier on April 21, 1965. This would harmonize the attorney-referee's opinion in all its parts, especially with reference to the giving of notice and the denial of the ten percent penalty. It is the duty of the appellate court to give force and effect to every word of the judgment, if possible, and to make it as a whole consistent, effective, and reasonable.
In 30A American Jurisprudence Judgments Section 69 (1958) it is stated:
"As a general rule, judgments are to be construed like other written instruments. The determinative factor is the intention of the court, as gathered from all parts of the judgment itself. In applying this rule, effect must be given to that which is unavoidably and necessarily implied in a judgment, as well as to that which is expressed in the most appropriate language. Such construction should be given to a judgment as will give force and effect to every word of it, if possible, and make it as a whole consistent, effective, and reasonable. Sometimes, it is declared that the interpretation of a judgment must be characterized by justice and fairness. If a judgment is susceptible of two interpretations, one of which would render it legal and the other illegal, the court will adopt the former.

"The judgment may be read in connection with the entire record and construed accordingly, at least where there is uncertainty and ambiguity. In the latter case, it is proper to consider the pleadings, and verdict or findings, in light of the applicable statutes. If a finding is inconsistent with the judgment proper or decretal part of the decree, the latter must control. The issues involved in the action are also important factors in determining what was intended by the judgment." (Emphasis added.)
Section 6998-19(e), supra, provides two exceptions to the mandatory imposition of the ten percent penalty, as follows:

"unless notice is filed under subdivision (d) of this section, or unless such nonpayment is excused by the commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment." (Emphasis added.)
*585 I think a finding that both of these exceptions existed and were applicable is implicit in the attorney-referee's opinion, which was approved by the full commission, and affirmed by the circuit court.
I am unable to agree with the controlling opinion in the imposition of the ten percent penalty, and feel that in this respect the judgment of the circuit court should have been affirmed.
GILLESPIE, P.J., and SMITH, J., join in dissenting as to the imposition of the ten percent penalty.