## PATRICK O'LOUGHLIN'S CASE.

Suffolk.   December 5, 6, 1929. — February 4, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act*, Amount of compensation, Appeal.   *Words*, "Average weekly wages."

In determining, in proceedings under the workmen's compensation act, the average weekly wages of the employee during the twelve months previous to his injury, G. L. c. 152, § 1 (1), does not permit a computation of the number of weeks the employee worked during that period by dividing the actual number of hours of work by a certain number of hours constituting a "normal working week": the employee's wages must be taken week by week and the total amount received by him during that year divided by the number of weeks in which he worked.

Upon a certification to the Superior Court in proceedings under the workmen's compensation act of a decision by the Industrial Accident Board awarding the employee compensation at the rate of $17 per week, it appeared that he already had been paid compensation at the rate of $12 per week.   It did not appear whether the employee was permanently incapacitated or whether he had recovered from his injury.   In the Superior Court, a decree was entered adjudging that the employee was entitled to compensation at the rate of $10 per week and dismissing the claim for the reason that he already had been paid what was due to him.   Upon an appeal by the employee, this court, after deciding that the judge of the Superior Court was right in his computation of the amount of compensation due to the employee, ordered that the decree be affirmed if it should appear that the employee no longer was incapacitated; but that, if he continued to be incapacitated, the decree be modified accordingly, the excess which he already had received above $10 to be deducted before the allowance of any further compensation; that, if there were no issue of fact to be determined, an appropriate decree be entered in the Superior Court; and that, if there were such an issue, the case be recommitted to the Industrial Accident Board.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to Patrick O'Loughlin, who was injured while in the employ of The American Sugar Refining Company.   In the Superior Court, a decree was entered by order of *Bishop*, J., dismissing

the claim on the ground that the claimant already had been paid all the compensation to which he was entitled. The claimant appealed.

*S. B. Horovitz,* (*C. J. McCarthy* with him,) for the claimant.

*E. Field,* for the insurer.

CARROLL, J. In this proceeding under the workmen's compensation act, the question in dispute is the employee's "average weekly wages" within the meaning of the statute, G. L. c. 152, § 1 (1). That section provides: "'Average weekly wages,' the earnings of the injured employee during the period of twelve calendar months immediately preceding the date of injury, divided by fifty-two; but if the injured employee lost more than two weeks' time during such period, the earnings for the remainder of such twelve calendar months shall be divided by the number of weeks remaining after the time so lost has been deducted. Where, by reason of the shortness of the time during which the employee has been in the employment of his employer or the nature or terms of the employment, it is impracticable to compute the average weekly wages, as above defined, regard may be had to the average weekly amount which, during the twelve months previous to the injury, was being earned by a person in the same grade employed at the same work by the same employer, or, if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district."

The employee was injured on January 31, 1929, while piling sugar in the storehouse of The American Sugar Refining Company, his employer, hereafter called the Refining Company. He testified that "He worked [for the Refining Company] . . . when the boats came in," and had been doing this work for sixteen or seventeen years "but not steady"; that when not working for the Refining Company "he did other work as a longshoreman, wherever he could get work" but did not do longshoreman's work for the Refining Company; that "there was regular work of the kind he was doing for" the Refining Company "every time a boat comes in"; that some of the men engaged in the same work were more regularly employed than the

employee; that "lots of times he was laid off before the ship was unloaded"; that "sometimes he got there the first day a ship came in, and sometimes there would be too many men applying for work" and he "could not get work." During the fifty-two weeks preceding the date of the injury, the employee worked ten weeks for the Refining Company and earned during the ten weeks $119.50, or an average of $11.95 a week. Patrick Coyne, a fellow employee doing the same work for the Refining Company as O'Loughlin, worked forty-six weeks during the fifty-two week period and earned $738.14, or an average of $16.05 a week. It is not questioned by the insurer that the earnings of Coyne during the year were $738.14, although it would appear from the schedule annexed that he earned $725.89, as found by the board member.

The single member of the Industrial Accident Board found that the employee's weekly wages could not be determined "under the first part of the definition given in § 1 (1), because" the employment by the Refining Company was for too short a period. He further found that Coyne, a fellow employee of O'Loughlin who was employed at the same grade of work, lost one thousand three hundred fifty-six and one quarter hours during the year immediately preceding the claimant's injury; that fifty-four hours constituted a normal working week; that the one thousand three hundred fifty-six and one quarter hours represented twenty-five and eleven hundredths weeks lost time; that Coyne's average weekly wages based on this computation were $26.99; that O'Loughlin's average weekly wages were the same, that is, $26.99, and awarded compensation at the rate of $17.99 a week. The Industrial Accident Board affirmed the decision of the board member. In the Superior Court a decree was entered that the average weekly wages of O'Loughlin were $16.05, and compensation was due him at the rate of $10.70 a week; that as he has been paid compensation at the rate of $12 a week no further compensation is due him. From this decree the employee appealed.

The Industrial Accident Board did not act in accordance with the statute in awarding compensation. Assuming the

board was right in finding that compensation was not to be determined by the first sentence of § 1 (1) of G. L. c. 152, but was to be determined according to the sentence following, which enacts, if because of the shortness of the time of the employment or because of its nature or terms, it is impracticable to compute wages according to the first sentence of the statute, regard may be had to the average weekly amount earned during the previous twelve months by a person in the same grade, employed at the same work by the same employer, Coyne was employed at the same work by the same employer in the same grade as O'Loughlin, and Coyne's average weekly wages, if adopted as the standard, could not be measured by hours and fifty-four hours taken as a normal week. There is nothing in the statute allowing this division. Coyne's wages were to be taken week by week; a standard of what constituted a week divided into hours could not be adopted. The total amount received by Coyne during the year should be divided by the number of weeks he worked; this is required by the statute and is the definition adopted by it. This rule was followed and approved in *Bartoni's Case*, 225 Mass. 349. It was followed by the Superior Court in entering the decree. The judge ascertained the total amount earned by Coyne during the twelve months preceding the injury of O'Loughlin and divided this amount by the number of weeks he worked, with the result that O'Loughlin's average weekly wages were found to be $16.05 and his compensation allowed at $10.70 a week. This computation was sufficiently favorable to the employee. He was not entitled to the compensation allowed him by the Industrial Accident Board.

As the insurer did not appeal from the decree, we have not considered it necessary to determine whether the compensation in this case should be ascertained according to the rule established in *Rice's Case*, 229 Mass. 325, and *King's Case*, 234 Mass. 137, where the injured persons were regularly employed, but only for a short period of time each week. See *Marvin's Case*, 234 Mass. 145.

From the record in the case we do not know whether the employee has recovered from his injury. It would seem

that he was totally incapacitated, at least for a period, but there is no finding that he was permanently incapacitated, or that his compensation period extended beyond the date of the decree. If the claimant is no longer incapacitated, the decree was right and should be affirmed. If, however, the incapacity of the employee continues, the decree should be modified accordingly; but, if so modified, the excess which the employee has already received above $10.70 should be deducted before the continuing compensation, if any, is allowed. If there is no question of fact in dispute between the parties, an appropriate decree may be entered in the Superior Court. If there is such disputed question of fact, the case must be recommitted to the Industrial Accident Board.

*So ordered.*