### LOUIS NORMAN'S CASE.

Suffolk.    December 8, 1931. — March 15, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Findings by Industrial Accident Board, Amount of compensation, Counsel fees.

A single member of the Industrial Accident Board, hearing a claim for compensation under the workmen's compensation act by an employee who had worked for the subscriber only one week, found that it was impracticable to compute the employee's average weekly wage except by having regard to the average weekly amount which during the twelve months previous to the injury was being earned by a person in the same grade at the same work by the same employer; that the schedule of wages of such a person showed a loss of eleven and fifty-one one hundredths weeks during the year preceding the injury to the employee; that all employees lost seven weeks during the year because of the nature of the business, thus making a normal year of forty-five weeks, and that the remaining weeks of lost time included days lost here and there through the weeks, but not any full week; and, under G. L. c. 152, § 1 (1), he computed the employee's average weekly wages by dividing the year's wages by forty-one. The Industrial Accident Board on review found that the total number of weeks during the whole or some part of which such other employee worked was forty-six, and divided the year's wages by forty-six to ascertain the average weekly wages. Upon certification to the Superior Court, a decree was entered in accordance with the findings by the board; and, upon appeal, this court stated that the evidence and schedule on which the findings as to time lost rested were not clear and were susceptible of different interpretations; and it was *held,* that the findings of the Industrial Accident Board must be accepted in preference to those of the single member.

The words "average weekly amount" as used in G. L. c. 152, § 1 (1), have the same meaning as "average weekly wages" in the preceding

line of that clause; and that amount is to be computed in the same
way as are the average weekly wages described in the first sentence
of the clause.
In computing average weekly wages under the statutory provision above
described, days lost here and there through the year but not in any
instance constituting a continuous week ought not to be deducted
from the fifty-two weeks, in addition to the full weeks of continuous
days lost, in order to find the divisor by which the total earnings are
to be divided to ascertain the average weekly wages.
St. 1930, c. 208, is constitutional. Following *Ahmed's Case, ante*, 180.

CERTIFICATION to the Superior Court under the pro-
visions of the workmen's compensation act of a decision
by the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *Qua*, J.
The board found that the wages earned during a year by
a fellow employee of the claimant amounted to $1,072.70.
Other material facts are stated in the opinion. A decree
was entered in accordance with the decision of the Indus-
trial Accident Board. The insurer appealed.

The case was submitted on briefs.

*J. F. Scannell & E. E. Andrews*, for the insurer.

*F. R. Ducharme & C. E. Ducharme*, for the claimant.

RUGG, C.J. The employee sustained injuries arising out
of and in the course of his employment by a subscriber
under the workmen's compensation act. G. L. c. 152. The
employee had worked for the subscriber only one week. It
is therefore necessary to ascertain his wages as a basis for
compensation according to the terms of G. L. c. 152, § 1 (1),
which is in these words: "'Average weekly wages', the
earning of the injured employee during the period of twelve
calendar months immediately preceding the date of injury,
divided by fifty-two; but if the injured employee lost more
than two weeks' time during such period, the earnings for the
remainder of such twelve calendar months shall be divided
by the number of weeks remaining after the time so lost has
been deducted. Where, by reason of the shortness of the
time during which the employee has been in the employment
of his employer or the nature or terms of the employment,
it is impracticable to compute the average weekly wages,
as above defined, regard may be had to the average weekly

amount which, during the twelve months previous to the injury, was being earned by a person in the same grade employed at the same work by the same employer, or, if there is no person so employed, by a person in the same grade employed in the same class of employment and in the same district."

The single member found that, since the employee had been working for the subscriber but a single week, it was impracticable to compute his average weekly wage except by having regard to the average weekly amount which during the twelve months previous to the injury was being earned by a person in the same grade at the same work by the same employer. He also found that the schedule of wages of a person in the same grade, employed at the same work by the same employer, showed a loss of eleven and fifty-one. one hundredths weeks during the year preceding the injury to the employees; that all employees lost seven weeks during the year because of the nature of the business, thus making a normal year of forty-five weeks; and that the remaining weeks of lost time were made up of days lost here and there through the weeks, but not of any full week. On this theory he found that the average weekly wages were $26.05. The reviewing board made a different finding, to the effect that the total number of weeks during the whole or some part of which such employee worked was forty-six, and divided the total wages received by forty-six to ascertain the average weekly wages. On this theory the reviewing board found that the average weekly wages were $23.32.

It is the general rule that the findings of the reviewing board stand, provided there is any evidence to support them, even though at variance with the findings of the board member. *Savage's Case*, 257 Mass. 30. *Percival's Case*, 268 Mass. 50. The evidence and schedule on which the findings as to time lost rest do not seem to us quite clear and are perhaps susceptible of different interpretations. Therefore, the finding of the reviewing board must be accepted in preference to that of the board member. No argument has been addressed to us touching the accuracy of these com-

putations on these respective theories, and that subject is not considered in this opinion.

The insurer contends that the words of the second sentence of the governing statute already quoted do not authorize any deduction of lost time in order to ascertain the gauge by which the employee's rights are to be measured. The insurer urges, therefore, that the total wages earned by the person in the same grade, employed at the same work by the same employer during the twelve month period, ought to be divided by fifty-two, the total number of weeks in the year, to ascertain the average weekly wages. This contention is based upon a too literal interpretation of that sentence. It dissociates that sentence from the clause as a whole. The clause ought to be read and interpreted as an entirety in order to give effect to the legislative intent. In that sentence "average weekly amount" means the same as "average weekly wages" in the preceding line, and reference for the definition of the latter combination of words is made to the first sentence of the clause. In these circumstances the "average weekly amount" earned by the other person, whose wages constitute the gauge by which to measure the compensation to be paid to the injured employee, is to be ascertained in the same way as are average weekly wages in the first sentence. This is the interpretation of the entire clause according to the common and approved usage of the language. It is the sense most obvious to the ordinary understanding. This meaning is in accord, also, with the presumed purpose of the framers of the statute. It can hardly be thought to have been the design of the General Court to establish a different basis for computation of compensation for an injured employee who has been in the service of the insured for a brief time from that of an injured employee in like grade engaged in the same work who has been in the service for a year. The cost of insurance to the employer is determined by the wages paid, presumably as shown by the payroll. *Gagnon's Case*, 228 Mass. 334, 337–338. These do not depend upon the length of time a particular individual may have been employed.

The employee urges that the days lost here and there through the year but. not in any instance constituting a continuous week ought to be deducted from the fifty-two weeks in addition to the weeks of continuous days lost, in order to find the divisor by which the total earnings are to be divided to ascertain the average weekly wages. Assuming that this matter is open to the employee, the argument cannot be supported. The precise point was decided adversely to the contention of the employee in *O'Loughlin's Case*, 270 Mass. 326, 329. It there was held that in making such computation the wages "were to be taken week by week" and that the total amount received during the year should be divided by the number of weeks during the whole or any part of which work actually was performed. *Bartoni's Case*, 225 Mass. 349, was cited as a supporting authority. That case came before the court on a record showing as an uncontroverted fact that the employee had not worked for a period of twelve and ninety-seven one hundredths weeks and was of necessity decided on that footing.

The insurer has assailed the constitutionality of St. 1930, c. 208, under which the Industrial Accident Board on the insurer's appeal from the finding of the board member awarded to the employee as costs of such review, including counsel fees, the sum of thirty-five dollars to be paid by the insurer. The decision of the board and the brief of the insurer refer to another statute, but that is a manifest mistake and it is assumed that the statute above cited was intended. It was held in *Ahmed's Case, ante*, 180, (decided since the argument in the case at bar), that said c. 208 was not violative of the provisions of the Constitution of this Commonwealth as to equality before the law, equal protection of the laws, deprivation of property without due process of law, and free access to the laws for the redress of grievances and the protection of rights, or of the provisions of the Fourteenth Amendment to the Constitution of the United States in respect to equality before the law and the due process clause. Those questions are not open to further debate in this court.

*Decree affirmed.*