HARRIS, DEPENDENTS OF, *v.* SUGGS, et al.

No. 40795 May 19, 1958 102 So. 2d 696

*Tucker & Baine,* Woodville, for appellants.

*H. B. Mayes McGehee,* Meadville, for appellees.

GILLESPIE, J.

The deceased employee died from injuries arising out of and in the course of his employment. At the hearing before the attorney-referee the point at issue was the average weekly wage of the deceased employee. The attorney-referee found that the average weekly wage was $30.65, and awarded compensation on that basis. The order of the attorney-referee assessed the $100 penalty for failure of the employer and insurer to report the accident within the time allowed by statute. It did not assess the penalty under Section 6998-19(e), Mississippi Code of 1942, and did not provide for interest on installments of compensation not paid when due. The Commission, by majority vote, and the circuit court affirmed the order of the attorney-referee. The appellants are the dependents of the deceased employee.

It is first contended that it was error to fix the average weekly wage of the deceased employee at $30.65. The deceased employee had been employed in the logging operations of the employer for a number of years. He was hired on an eight hour day, five day week, one dollar per hour basis. He was not paid when he did not work. During the 52 weeks immediately prior to his death, the employee lost 66 days from work. There were four weeks

during this period when the employee did not work and drew no wages. The proof showed that because of rain or other causes the employee would on the average lose about 40 to 60 working days during a 52 week period. Most of the time lost by the employee was due to breakdowns in the mill, oversupply of logs, or rain. Some of the days lost by the employee were of his own volition, but it was not shown just how many. The attorney-referee determined the average weekly wage by deducting the four weeks during which no wages were earned and dividing the total wages earned by the employee during the 52 weeks immediately before the fatal injury, amounting to $1471.00, by 48, and arrived at the average weekly wage of $30.65. It will be noted that the divisor included each week in which the employee earned any wages and did not deduct the days lost here and there during the 52 week period prior to the fatal injury, unless the days lost were consecutive and exceeded seven. Appellants contend that this was error; that the proper method of determining the average weekly wage would be to divide the 66 days lost by five, the work week, which would equal 13.2 weeks lost in the 52 week period, subtract 13.2 from 52, and divide the total earnings for the period amounting to $1471.00 by 38.8, which would result in an average weekly wage of $37.91.

The statute involved is Section 10 of the Workmen's Compensation Act (Section 6998-16, Mississippi Code of 1942), as follows:

"Except as otherwise specifically provided, the basis for compensation under this act shall be the average weekly wages earned by the employee at the time of the injury, such wages to be determined from the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury divided by fifty-two; but if the injured employee lost more than seven days during such period, although not

in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. When the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, however, that results just and fair to both parties will thereby be obtained. Where by reason of the shortness of time during which the employee has been in the employment of his employer it is impracticable to compute the average weekly wages by the above method of computation, regard shall be had to the average weekly amount which, during the first fifty-two (52) weeks prior to the injury or death, was being earned by a person in the same grade, employed at the same or similar work in the community. Wherever allowances of any character are made to an employee in lieu of wages or specified as part of the wage contract, they shall be deemed a part of his earnings.''

 █ The first clause of the statute provides that such wages shall be determined from the earnings of the employee during the preceding 52 weeks, divided by 52.

The second clause of the first sentence deals with a situation where the injured employee has been working for the employer 52 or more weeks, but has lost time during that period. If he lost more than seven days ''although not in the same week'' the earnings for the remainder of the 52 weeks shall be divided ''by the number of weeks remaining after the time so lost has been deducted.'' The question is what is meant by the ''time so lost''. The statute refers to the employee losing more than seven days. It does not have to be in the same week. After that occurs, the earnings for the remainder of the 52 weeks are divided by the number of weeks remaining after deducting the time lost. The statute does not say that the time lost must be ''consecutive'', as do

some other statutes, such as those in Alabama, Connecticut, North Carolina, South Carolina, and Virginia. We are of the opinion that the proper method of computing the time lost is to take the total number of working days lost during the year, transfer that figure into weeks, and subtract the result from 52 weeks. The difference is the divisor into the gross earnings of the preceding year. This is the procedure urged by appellants. It appears to be in accord with the literal terms of the statute.

The legislature apparently deliberately omitted the word "consecutive" from the second clause of the first sentence of Section 10. That word is used in the statutes of five other States, referred to above. It is not in the statutes of Arkansas, Indiana, Massachusetts, and Tennessee, all of which appear to be similar to the Mississippi Act.

The reported cases from Arkansas and Indiana are in accord with the appellants' contention in this case. Mack Coal Company v. Hill, 204 Ark. 407, 162 S. W. 2d 906; Caddo Quicksilver Corporation v. Barber, 166 S. W. 2d 1, (Ark. 1942); Crossett Lumber Company v. Johnson, 208 Ark, 572, 187 S. W. 2d 161; Arkansas National Bank of Hot Springs v. Colbert, 209 Ark. 1070, 193 S. W. 2d 806; Wren v. D. F. Jones Construction Company, 210 Ark. 40, 194 S. W. 2d 896; Miller v. Binkley Mining Company, 99 Ind. App. 257, 190 N. E. 886; Holton v. Jackson-Hill Coal & Coke Company, 101 Ind. App. 231, 198 N. E. 803; Leatherbury v. Early, 101 Ind. App. 51, 32 N. E. 2d 99. Cf. Norman's Case, 278 Mass. 464, 180 N. E. 238, 82 A. L. R. 885; O'Loughlin's Case, 270 Mass. 326, 169 N. E. 907; John Bartoni's Dependents Case, 225 Mass. 349, 114 N. E. 663.

Tennessee applied the Indiana and Arkansas formula in Wilmoth v. Phoenix Utility Company, 168 Tenn. 95, 75 S. W. 2d 48; but in the case of Carter v. Victor Chemical Works, 171 Tenn. 141, 101 S. W. 2d 462, the Court

refused to apply the Arkansas and Indiana rule where the time lost was a normal incident of his employment, and in New Jellico Coal Company v. Kenner, 172 Tenn. 185, 110 S. W. 2d 476, where the miner did not work for eight weeks because of a strike.

It is next contended that the lower court erred in failing to assess the ten percent penalty provided for in Section 6998-19(e), Mississippi Code of 1942. The deceased employee was fatally injured on April 23, 1956. The employer's first report of injury was sent to the carrier, United States Fidelity and Guaranty Company, the next day; and the carrier, on April 26, 1956, interviewed the widow of the deceased employee, and on May 3, 1956, received a wage statement from the employer. However, the employer did not controvert the claim within fourteen days, nor did it begin paying compensation. Nothing was filed with the Commission until August 28, 1956, when the carrier filed Form B-11 controverting the claim. Hearing was not had until November 28, 1956. Under the authority of Guess v. Southeastern Utilities Service Company, 85 So. 2d 173, and Southern Engineering & Electric Company v. Chester, 83 So. 2d 811, the assessing of the ten percent penalty in this case was mandatory. We hold that the ten percent penalty is applicable to all installments of compensation that became due between the due date of the first installment and the date of the attorney-referee's award on December 20, 1956. Southern Engineering & Electric Company v. Chester, 84 So. 2d 535.

Appellants also contend that the court erred in not assessing six percent interest upon each payment of compensation from its due date until paid. Appellees are entitled to interest at six percent per annum from the respective due dates of the compensation payments until paid or tendered. J. & B. Manufacturing Company v. Cochran, 216 Miss. 336, 62 So. 2d 378; M. T. Reed Construction Company v. Martin, 215 Miss. 472, 63 So. 2d 528.

Reversed and remanded for further proceedings in accordance herewith.

*Roberds, P. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.