RIGDON *v.* GENERAL BOX COMPANY, et al.

No. 42924          March 23, 1964          161 So. 2d 776

April 20, 1964                    162 So. 2d 863

*H. C. Mike Watkins,* Meridian, for appellant.

*Lawrence W. Rabb,* Meridian, for appellee.

242

Lee, C. J.

Paul R. Rigdon sought by his claim against General Box Company and its insurer to recover workmen's compensation benefits because of an accidental injury which he sustained in the course of his employment.

After the hearing, the attorney-referee awarded temporary total disability benefits for the period from February 19, 1962, to June 23, 1962, at the rate of $35.00 per week, and permanent partial disability benefits thereafter at the rate of $6.01 per week, together with the penalty provided thereunder by Section 13(e) of the Act, (Section 6998-19(e), Code of 1942 Rec.) on all payments due and unpaid, and for medical services and supplies.

The Commission, on appeal, modified the order of the attorney-referee by disallowing payment for the services of Dr. Thomas H. Blake, but, in all other respects, affirmed the order. The employer and its insurer appealed to the circuit court, which held that there was no substantial evidence to support the award for permanent partial disability or medical benefits beyond June 24, 1962. It, therefore, reversed the order of the Commission and rendered judgment accordingly. From that judgment, the claimant appealed to this Court.

It was conceded that Rigdon, on February 16, 1962, sustained an accidental injury in the course of his employment with General Box Company, and that he was totally disabled until June 24, 1962.. While the claimant had sustained an injury to his back in 1953, he had not experienced any trouble or pain with it. Actually he had been a hard worker, without suffering pain, and worked overtime when it was available. But, on February 16, 1962, he fell and struck his right side on the dolly while he was assisting another employee to push it along. As a result, he experienced severe pain in the area and the lumbar section of his back. Claimant was seen by Dr. J. P. Tatum on February 19 and was under his treatment at home and in the hospital until March 2, 1962. At that time the doctor referred the patient to Dr. Richard R. Riley, who examined and treated the claimant at various times thereafter. He, in turn, had the claimant examined by Dr. J. C. Bass on June 11,

1962. Finally, on July 27, 1962, the claimant went to Dr. Thomas H. Blake and was examined by him at that time.

According to Dr. Tatum, the claimant sustained a contusion of the rib cage. This caused muscle spasm. X-rays revealed no deformity in the bones, and did not show any evidence of spondylolisthesis. When he ceased to treat the claimant, he of course had not recovered; but the doctor did not expect any degree of total or permanent injury to result.

Dr. Riley was of the opinion that the patient had a pre-existing defect, known as spondylolisthesis; that this was aggravated by the injury and that the patient had, at the time he first testified, on July 13, 1962, a fifty percent disability. He attributed fifteen percent of this decrease to a pre-existing condition and the balance of thirty-five percent to the injury. When he testified later, on November 30, 1962, it was his opinion that the claimant was better. At that time he reduced the disability to twenty-five percent and attributed fifteen percent of it to spondylolisthesis, and ten percent to the injury.

Dr. Bass, as a result of his examination, was of the opinion that Rigdon suffered a fairly severe lumbosacral sprain on February 16, 1962, and that this triggered the spondylolisthesis into action. He estimated a twenty-five percent impairment of function in the back but attributed that solely to spondylolisthesis and was of the further opinion that, if the backbone was fused, the impairment of the function would be reduced to ten percent. He depended somewhat, in his conclusion that the claimant was fully restored from the effects of the injury, upon the fact that, under a hypothetical question he was advised that the claimant had been working regularly on the job. Actually the hypothetical question did not state all of the facts in connection with the nature of this employee's work. Fellow employees and supervisors frankly stated that he had been given lighter work, and

that not as much was expected of him as he had generally done theretofore. He had not been able to earn any overtime at all. This was evidenced by the fact that his average weekly wage had been reduced from $67.42 to $52.39.

Dr. Blake was of the opinion that Rigdon was afflicted with spondylolisthesis, but said that often times the victim will never know that he has such trouble. In his opinion, the injury of February 16, 1962, lighted up the pre-existing condition and caused the discomfort and pain. He recommended a fusion of the backbone. If this is not done, the claimant will be unable to perform heavy manual labor. The doctor said that he could not determine the full extent of the disability, but that fifty percent of it was due to spondylolisthesis.

■■ ■ The attorney-referee, in his opinion, wrote an elaborate factual statement in which he set forth his findings. The foregoing summary of the lay evidence and that of the doctors bears out the correctness of his statement and findings. If medical proof is to be believed, even without any lay proof showing the claimant's ability to work prior to the injury and the decrease therein subsequent to the injury, still this is a case of disability in which both the pre-existing trouble and the accidental injury have combined to produce this effect. For that reason, permanent partial disability was properly allowable under the provision of Section 6998-04, Code of 1942, as amended, and $6.01 per week was certainly not excessive.

The opinion of the circuit court, in no way, attempted a summation or explanation of the evidence, nor to point out wherein the order of the Commission was not supported by substantial evidence. It simply stated this to be the fact.

The issue in this case was whether or not there had been a full recovery from the effects of the back injury

of February 16, 1962. The evidence was in dispute. The case was that simple.

■■ ■ Under Section 179 of the Cumulative Supplement to Dunn's Mississippi Workmen's Compensation, many cases, involving the application of the substantial evidence rule are collected. Any further citation of authority is wholly unnecessary. Neither this Court nor the circuit court should reverse the order of the Commission if it is supported by substantial evidence and not against the great weight of the evidence. Consequently the judgment of the circuit court is reversed and the order of the Commission is reinstated.

Reversed and remanded to the Commission.

*Ethridge, Gillespie, Rodgers and Patterson, JJ.,* concur.

## ON SUGGESTION OF ERROR

Appellees contend in their suggestion of error that the attorney-referee and the Commission erroneously awarded claimant $6.01 per week for permanent partial disability when under the adjudicated facts the compensation should be $4.01. This contention was not pointed out in the petition for review by the Commission of the attorney-referee's order nor in the petition to the circuit court for review of the Commission's order. On appeal to this Court, the sole issue, except some procedural matters, was whether the Commission's order awarding permanent partial disability benefits was supported by substantial evidence. The amount of compensation benefits was not an issue and was not argued. Therefore, we have it raised for the first time on suggestion of error.

■■■ This Court has said many times that new points made and presented for the first time on a suggestion of error will not be considered unless exceptional reasons therefor are shown. This rule is not limited to questions omitted from assignments of error by an ap-

pellant or cross appellant. It applies as well to questions raised for the first time on suggestion of error by an unsuccessful appellee who was under no obligation to file an assignment of error. Taylor v. Copeland, 183 Miss. 85, 183 So. 519; Dixie Greyhound Lines, Inc. v. Miss. Public Service Commission, et al., 190 Miss. 704, 1 So. 2d 489; Miss. State Board of Health v. Johnson, 197 Miss. 417, 19 So. 2d 827; Frederic v. Board of Supervisors, Jackson County, 197 Miss. 293, 20 So. 2d 671; Gulf Refining Co., et al v. Harrison, 201 Miss. 294, 30 So. 2d 807; Miss. Oil & Gas Board v. Superior Oil Co., 202 Miss. 139, 32 So. 2d 200; Crabb, et al., v. Wilkinson, et al., 202 Miss. 274, 32 So. 2d 356; Foster v. Jefferson County, 202 Miss. 629, 32 So. 2d 568.

██ An appellee should anticipate that the case may be reversed on the issues raised by appellant, and if he wishes to raise a point in event of reversal he must do so in his brief, otherwise he waives it.

The reasons for this rule are found in the necessity for orderly procedure so that cases may be disposed of on one hearing rather than by piecemeal.

██ This case does not come within the exception mentioned in the rule, nor is the amount of benefits in this case a mere matter of computation.

Suggestion of error overruled.

*Lee, C. J., and Ethridge, Rodgers and Patterson, JJ.,* concur.