MEDART LOCKERS, INC. *v.* YARBROUGH

No. 43190          November 16, 1964          168 So. 2d 660

*Lott & Sanders,* Greenwood, for appellant.

*Bell & McBee,* Greenwood, for appellee.

Rodgers, J.

This is a workmen's compensation case. It comes to this Court from the Circuit Court of Leflore County, Mississippi, wherein a judgment was entered affirming an order of the Mississippi Workmen's Compensation

Commission, approving an award by the attorney-referee in favor of appellee.

Thomas W. Yarbrough, a twenty-eight year old man, was an employee of the Medart Lockers, Inc. He is married and has one child. He has been employed by appellant since January 1961 and has worked regularly except when he was sick with the "flu", and on another occasion when his eyes were giving him trouble. On October 25, 1961, appellee was working as a welder for appellant, and while he was performing his duties in the course of his employment, a grinding rock burst, breaking apart at high speed and part of the rock struck appellee in the upper quadrant of his stomach. He fell to the floor, and as he attempted to arise, he became unconscious. He was immediately conveyed to the Greenwood Leflore Hospital, where he remained from October 25 to October 29, 1961. He was discharged from the hospital by the attending physician, but as he was being conveyed to his home, the pain in his lower back became so excruciating, he fainted. Appellee's father took him to a hospital in Indianola, where he remained until November 7, 1961. On November 20, 1961, appellant was examined in Memphis, Tennessee, by Dr. J. S. Speed, an orthopedic surgeon, but no disability was discovered from an orthopedic standpoint. Appellee continued to suffer intense pain in the lower part of his back, and he was referred by Dr. Eugene Webb to Dr. John D. Wofford, a specialist in internal medicine, at Jackson, Mississippi. He was examined by Dr. Wofford on December 4, 1961, and was immediately sent to the hospital where he remained until December 20, 1961. He was examined by Dr. Walter Neill on several occasions but he found no disability to appellee from a neurological standpoint. Dr. Wofford testified that appellee was suffering from an acute lumbosacral strain, acute muscle spasm, post-traumatic, growing out of the injury he received. He testified that he discharged ap-

pellant on May 15, 1962, and that he had a fifteen percent permanent partial disability of the body as a whole.

Appellee, his wife and father, testified that because of the intense pain appellee suffered, it was necessary for him to sleep on the floor. They testified that he could not do any work that required twisting or lifting.

■■ ■ We have carefully read the lay, as well as the expert, testimony introduced in the trial of this claim, and we have reached the conclusion that there was ample testimony introduced at the hearing before the attorney-referee on which to base the compensation award allowed by the Workmen's Compensation Commission, both as to temporary total disability, and partial permanent disability. We are of the opinion that the order of the Commission was not against the overwhelming weight of the evidence.

■■■ The Workmen's Compensation Commission had a right to evaluate the medical testimony and take into consideration the testimony offered by lay witnesses, and we cannot say that there is no substantial evidence in the record to support the findings of the attorney-referee and the Commission. See I. B. S. Manufacturing Co. v. Dependents of Cook, 241 Miss. 256, 130 So. 2d 557 (1961).

The attorney-referee's order directed appellant to pay appellee the sum of $35 a week from October 25, 1961, through May 15, 1962, for temporary total disability — and in addition, to pay ten percent penalty, less the amount already paid — and also directed that the employer pay claimant compensation at the rate of $6.50 per week for fifteen percent loss of wage earnings from May 15, 1962, during the continuance of such disability, subject to the maximum limitation of the act, and in addition thereto to pay ten percent penalty.

■■ ■ The appellant argues that the order of the attorney-referee required payment of a penalty on future compensation to become due after the award was

made on November 19, 1962. We do not believe this contention is tenable, because in the case of Dependents of Harris v. Suggs, 233 Miss. 533, 102 So. 2d 696 (1958), we held that ten percent penalty is applicable only to installments of compensation that become due between the due date of the first installment, and the date of the attorney-referee's award. An award of ten percent penalty on future compensation installments could not be allowed, and we do not construe the opinion of the attorney-referee to require payment of the penalty of ten percent on compensation installments due after November 19, 1962.

The judgment of the circuit court is therefore affirmed.

Affirmed.

*Lee, C. J., and Gillespie, Jones and Brady, JJ.,* concur.