219 So.2d 657 (1969)
NEW & HUGHES DRILLING COMPANY and Bituminous Casualty Corporation, Appellants, Cross-Appellees,
v.
Paul Dean SMITH, Appellee, Cross-Appellant.
No. 45170.
Supreme Court of Mississippi.
January 20, 1969.
Rehearing Denied March 10, 1969.
*658 Daniel, Coker, Horton & Bell, James L. Garner, Jr., Alben N. Hopkins, Jackson, for appellant.
Zuccaro, Wood & Pintard, Clyde W. Mullins, Natchez, for appellee.
BRADY, Justice:
This is an appeal from a decision of the Circuit Court of Adams County which affirmed the order of the attorney referee and the Workmen's Compensation Commission granting claimant, Paul Dean Smith, permanent and total disability with a 60% reduction based on the material contribution to the injury of a preexisting arteriosclerotic heart disease. The claimant cross-appeals alleging that he is entitled to a 10% penalty under Mississippi Code 1942 Annotated section 6998-19(e) (1952).
Laconically stated, the pertinent facts in this cause are as follows: On January 27, 1965, the appellee, Paul Dean Smith, a white male thirty-one years of age, weighing two hundred and sixty pounds, and being six feet two inches tall, was engaged with three other employees in drilling a mousehole which was to be the receptacle for the "Kelly joint" or drill stem in the drilling operation. It was the duty of appellee to see that the one-inch rope was wrapped around the spool or cathead. The record discloses that the one-inch grass rope broke four or five times and that the appellee experienced considerable difficulty and aggravation in trying to perform his job of wrapping the rope around both of the pieces of machinery, and while he was endeavoring to do this appellee experienced a sharp pain in his left side, which subsequently extended into his neck and down his left arm. The appellee continued to work after suffering the pain until apparently the "mousehole" had been completed. At approximately 1:00 P.M. he notified Mr. L.R. Brannon, the driller, that he was in pain. He was directed by the driller to sit down on the tool box and "take it easy" until the next shift came on at approximately 3:00 P.M. Another crew relieved the crew with which appellee was working at 3:00 P.M.
Appellee rode to his home, a distance of approximately twenty miles, and immediately called Dr. Jerry Iles, his physician. The doctor gave him sedatives that afternoon, including hypodermics, and ordered him to come to his office the next morning. On the following day, January 28, appellee reported to Dr. Iles' office and was taken from there to the Natchez General Hospital where he remained about two weeks, receiving intensive care and treatment.
After his discharge from the Natchez General Hospital, appellee went to his home in Arkansas where he remained about two weeks. The pain he was encountering became worse, and he returned to the hospital in Natchez where he remained approximately one and a half weeks. Little success was had in alleviating the pain from his heart; and therefore, Dr. Iles made arrangements for appellee to go to New Orleans to Ochsner Clinic. An appointment had been made and he was examined by Dr. Charles B. Moore, an internist and cardiologist, who after examining and treating appellee at length performed an examination *659 known as a selective coronary cine-angiography, which involves the putting of a catheter in the coronary arteries and the injecting of dye therein for the making of movies. Subsequent to this procedure, Dr. Moore ascertained that the appellee had definite hardening of the arteries or arteriosclerotic heart disease with an almost complete obstruction of the left circumflex of the left coronary artery and partial obstruction in the left anterior descending coronary artery.
He was discharged and given anticoagulant therapy, but there was no improvement. Two months later on June 4, 1965, he was again admitted to Foundation Hospital in New Orleans. On June 11, 1965, with Dr. Moore attending, Dr. John Ochsner performed on the appellee the Vineberg operation, which consists in dissecting the internal mammary artery from the chest wall, which in turn is brought back into the heart muscle and implanted into the free wall of the left ventricle in order to bring more blood to the heart muscle.
Appellee was examined by Dr. Moore on June 14, 1966, subsequent to the Vineberg operation. Dr. Moore's findings are in substance that the Vineberg operation was successful. Dye was again injected into his veins and movies were taken. From the pictures obtained it was revealed that there was a definite patency of the graft "with a good bit of evidence of blood flow into the heart muscles from the transplanted blood vessel."
The referee and the commission and the Circuit Court of Adams County held that the evidence establishes that the appellee while hospitalized in 1964 for tonsillitis experienced chest pains which were diagnosed by his attending physician, Dr. Jerry W. Iles, as showing all the symptoms of a myocardial infarction. As found by the attorney-referee, Dr. Iles advised appellee not to return to oil field work. Appellee did return to oil field work, however, and worked regularly and effectively at his job until January 27, 1965. Appellee worked 247 out of a possible 276 work days in the year preceding his January 27, 1965, injury. He experienced the pains in his chest while doing heavy work on January 27, 1965, and was hospitalized the following day by Dr. Iles who diagnosed a probable myocardial infarction. As hereinabove outlined, claimant was subsequently treated at Ochsner's by Dr. Charles B. Moore and Dr. John Ochsner, the latter actually performing the Vineberg operation. The attorney-referee found as the record discloses that Dr. Moore testified on behalf of the claimant that even though his heart condition was better as a result of the surgery he would not recommend that claimant return to oil field work.
Dr. Moore testified that claimant's work activities precipitated the symptoms which he experienced on January 27, 1965. All doctors who testified in this cause are in accord that the work activities brought on the symptoms for which claimant was subsequently hospitalized and treated. The claimant is now permanently disabled and cannot return to oil field work.
The attorney-referee, in his opinion, asserts that the case at bar is closely analogous to that of M.T. Reed Construction Company v. Garrett, 249 Miss. 892, 164 So.2d 476 (1964). The attorney-referee held: (1) That claimant sustained an accidental injury on the date alleged; (2) that at the time of the accidental injury the employee was performing services growing out of and in the course of his employment; (3) that the accident causing the disability for which compensation is claimed arose out of the employment; (4) that claimant is permanently and totally disabled, and has so been since the date of said accidental injury; (5) that the average weekly wage of the claimant at the time of said accidental injury was $102.80; and (6) that the medical findings showed claimant's preexisting arteriosclerotic heart disease was a material contributing factor in the results following injury, and the degree to which said disease contributed to claimant's permanent and total disability was established to be *660 60% and the compensation that would be payable was to be reduced accordingly.
Seven assignments of error are urged, all of which gravitate about factual issues. While it is true that the testimony of Dr. Jerry Iles is corroborative and in harmony with that of Dr. Charles B. Moore, it is nevertheless contradicted sharply by the testimony of Dr. F.E. Fyke and by stipulation is contradicted by the testimony which Drs. William Rosenblatt and Willard Boggan would have offered in evidence corroborating the testimony of Dr. F.E. Fyke.
The testimony of Dr. Fyke, quite categorical and positive, was to the effect that the work which the appellee was performing had nothing whatsoever to do with the incident of January 27, 1965, and the resultant heart condition. We cannot say that the testimony of Drs. Moore and Iles was any less creditable or more plausible for belief by the full commission than the testimony of Dr. Fyke as corroborated by the testimony of Drs. Rosenblatt and Boggan. We reiterate what we have repeatedly held, that the commission is the trier of facts and that where the evidence is substantial to support the order of the commission, which we conclude exists in this case, this Court will not invade the province of the commission. Walters Bros. Builders v. Loomis, 187 So.2d 586 (Miss. 1966); Greenville Mills, Inc. v. Shields, 187 So.2d 328 (Miss. 1966); Medart Lockers, Inc. v. Yarbrough, 251 Miss. 124, 168 So.2d 660 (1964); Kennedy v. Williams-McWilliams Industries, Inc., 247 Miss. 595, 156 So.2d 806 (1963); Dunn, Mississippi Workmen's Compensation § 289 (2d ed. 1967). As heretofore said, we decline to open the fabled box of Pandora and thereby release all the ills and woes to which this Court will be subjected by becoming likewise a trier of facts. There being no miscarriage of justice in this cause, the judgment of the circuit court is therefore affirmed on direct appeal.
Appellee's cross-appeal raises the question: Should the 10% penalty be assessed against the appellants (cross-appellees) under the provisions of Mississippi Code 1942 Annotated section 6998-19(e) (1952)?
Section 6998-19(e) reads as follows:
(e) If any installment of compensation payable without an award is not paid within fourteen (14) days after it becomes due, as provided in subdivision (b) of this section, there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof, which shall be paid at the same time as, but in addition to, such installment, unless notice is filed under subdivision (d) of this section, or unless such non-payment is excused by the commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment.
Also important to this question are sections 6998-19(b) and 6998-19(d).
Section 6998-19(b) reads in part:
(b) The first installment of compensation shall become due on the fourteenth day after the employer has notice, as provided in Section 12 [§ 6998-18], of the injury or death * * *.
The pertinent part of section 6998-19(d) states:
(d) If the employer controverts the right to compensation he shall file with the commission on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice, in accordance with a form prescribed by the commission * * *.
The proof shows that appellee was injured on January 27, 1965, and that notice was given the employer that same day. However, no compensation was ever paid to the appellee by the employer, who did not controvert the claim until May 3, 1965, subsequent to the filing of a claim for benefits by the appellee on April 7, 1965.
*661 There is no doubt that if the request for the penalty had been timely the appellee would have been entitled thereto. Pope v. A.K. McInnis Constr. Co., 193 So.2d 593 (Miss. 1967); Truck Trailer Sales & Serv. Co. v. Moore, 244 Miss. 317, 141 So.2d 541 (1962); Maloney Constr. Co. v. Strickland, 237 Miss. 440, 114 So.2d 851 (1959); Komp Equip. Co. v. Clinton, 236 Miss. 560, 111 So.2d 259 (1959), suggestion of error sustained 112 So.2d 541 (1959); White v. R.C. Owen Co., 232 Miss. 268, 98 So.2d 650 (1957); Alexander Smith, Inc. v. Genette, 232 Miss. 166, 98 So.2d 455 (1957); James F. O'Neil, Inc. v. Livings, 232 Miss. 118, 98 So.2d 148, 149 (1957); Southern Eng'r & Elec. Co. v. Chester, 226 Miss. 136, 83 So.2d 811 (1955), corrected judgment 226 Miss. 151, 84 So.2d 535 (1956). Penalty denied in Poole v. R.F. Learned & Son, 234 Miss. 362, 103 So.2d 396, 397 (1958), corrected judgment 105 So.2d 162 (1958). In fact, the imposition of the penalty would have been mandatory where the facts justify its imposition. Murphy v. Jac-See Packing Co., 208 So.2d 773 (Miss. 1968); Goasa & Son v. Goasa, 208 So.2d 575 (Miss. 1968); Dependents of Harris v. Suggs, 233 Miss. 533, 102 So.2d 696 (1958). However, we have held that the failure of the appellee to timely petition the enforcement of the penalty waives the claimant's rights under Mississippi Code 1942 Annotated section 6998-19(e) (1952) and that the question of penalties may not be raised for the first time on appeal to the Supreme Court as the appellee attempted to do in the case at bar. Fair Stores v. Bryant, 238 Miss. 434, 118 So.2d 295 (1960); B.C. Rogers & Sons v. Reeves, 232 Miss. 309, 98 So.2d 875 (1957).
We find no merit in the unique method advanced by the appellee for determining the porportion which his preexisting arteriosclerotic heart disease bears to his injury. We cannot conclude with any reasonable certainty that the commission erred in setting the percentage attributable to the preexisting disease at 60%. Jackson Ready-Mix Concrete v. Meadows, 198 So.2d 576 (Miss. 1967); Petroleum Equip. Co. v. Lancaster, 197 So.2d 485 (Miss. 1967); Arender v. National Sales, Inc., 193 So.2d 579 (Miss. 1966), motion to correct judgment sustained 195 So.2d 90 (1967); B & D Theatres, Inc. v. Davis, 190 So.2d 845 (Miss. 1966). For the foregoing reasons the cross-appeal is affirmed.
Affirmed on direct and cross-appeal.
GILLESPIE, P.J., and RODGERS, JONES and INZER, JJ., concur.

ON PETITION FOR REHEARING, MOTION TO CORRECT JUDGMENT, AND MOTION FOR ADDITIONAL ATTORNEYS' FEES.
BRADY, Justice.
The appellants in the brief filed in support of their petition for rehearing or motion to correct judgment urge the apportionment of the award of compensation from the date of the injury in accordance with Cockrell Banana Company v. Harris, 212 So.2d 581 (Miss. 1968).
The appellee, after filing an answer, filed a motion to dismiss. The specific issue before us today was not raised before the attorney-referee, the commission or the circuit court. It is raised before the Supreme Court for the first time in appellants' petition for rehearing and motion to correct judgment. Only in exceptional cases will the Court examine a point raised for the first time in a petition for rehearing. Rigdon v. General Box Co., 249 Miss. 239, 161 So.2d 776, sugg. of error overruled 162 So.2d 863 (1964); Prince v. Nicholson, 229 Miss. 718, 91 So.2d 734, motion to disallow damages overruled 92 So.2d 375 (1957); Dixie Greyhound Lines, Inc. v. Mississippi Pub. Serv. Comm., 190 Miss. 704, 200 So. 579, sugg. of error overruled 1 So.2d 489 (1941).
The facts clearly show that the Cockrell Banana case, supra, was handed *662 down on July 8, 1968, subsequent to the filing with the Supreme Court of the pleadings in this cause. This fact when considered together with the recent applications of the rule in Cockrell Banana, supra, in Delta Millwork, Inc. v. Terry, 216 So.2d 542 (Miss. 1968); Mississippi Stationery Co. v. Segal, 214 So.2d 820 (Miss. 1968); Knox Glass, Inc. v. Kennedy, 218 So.2d 881 (Miss. 1969); Rowland DX Truck Stop v. Kirby, No. 45,106 (Miss. 1969); and Mississippi Association of Insurance Agents v. Dependents of Seay, 218 So.2d 413 (Miss. 1969) convinces us that the factual situation presented by the case at bar is an exception to the general rule governing questions considered on appeal. We feel that justice demands that we apply the apportionment in accordance with the rule set out in the Cockrell Banana decision, supra, which requires that the commission start the apportionment from the date of maximum medical recovery or from the date of the injury when it is determined that the claimant was totally and permanently disabled from the date of injury.
The commission's order is amended to provide for apportionment from the date of injury, which rendered the appellee totally and permanently disabled, for a period not to exceed 450 weeks or 40% of the maximum allowed by statute, whichever is lesser in amount.
Also filed in the case at bar was a motion by appellee for the allowance of additional attorneys' fees in the amount of 33 1/3%. However, included in the record in this cause is a written contract signed by the appellee and his attorneys and approved by the commission which provides "For and in consideration of legal services rendered and to be rendered" a fee of 25% of the sum recovered. The fee set out in the contract is not in excess of the maximum which is allowed in cases of this type. As we have held before, this Court cannot alter or add to the contract which has already been entered into by the parties. Shivers v. Biloxi-Gulfport Daily Herald, 236 Miss. 303, 110 So.2d 359 (1959) and Alexander Smith, Inc. v. Genette, 232 Miss. 166, 98 So.2d 455 (1957). Therefore, the motion for the allowance of additional attorneys' fees is overruled.
Petition for rehearing denied; motion to correct judgment sustained; motion for allowance of additional attorneys' fees overruled.
All Justices concur, except RODGERS, J., who dissents.